RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 15a0289p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

LIBERTARIAN PARTY OF OHIO; KEVIN KNEDLER;
AARON HARRIS; CHARLIE EARL,

　　　　　　　*Plaintiffs-Appellants,*

　　　*v.*

JON HUSTED, Secretary of State,

　　　　　　　*Defendant-Appellee,*

STATE OF OHIO,

　　　　　　　*Intervenor-Appellee.*

No. 15-4270

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 2:13-cv-00953—Michael H. Watson, District Judge.

Decided and Filed:  December 9, 2015

Before:  BATCHELDER, ROGERS, and COOK Circuit Judges.

_____

**ORDER**

_____

ALICE M. BATCHELDER, Circuit Judge.  This appeal is the latest episode in the Appellants' (whom we refer to collectively as "the Party") long struggle to end what they contend is a pattern of unequal treatment under Ohio's election laws.  The district court recently granted partial summary judgment in favor of Appellees John Husted, Ohio's Secretary of State, and the State of Ohio (collectively "Ohio").  That order concluded in relevant part that the Ohio statutes at issue did not violate the First or Fourteenth Amendments and that sovereign immunity barred the Party's state constitutional claims.  This ruling effectively denied the Party's request for a preliminary injunction.

1

Such denials are immediately appealable under 28 U.S.C. § 1292(a)(1), but the Party instead filed a Rule 54(b) motion, asking that the relevant portions of the decision be made final (and thus appealable) because there was "no just reason for delay." The district court has not yet ruled on this motion. And the Party filed its notice of appeal thirty-five days after the district court issued its partial summary judgment order.

Ohio now moves to dismiss this appeal, arguing that the notice of appeal was untimely and that this court thus lacks jurisdiction to hear this case. The Party contends that its Rule 54(b) motion should be construed as Rule 59(e) motion to "alter or amend" a judgment and that this motion tolled the time within which to appeal. *See* Fed. R. App. P. 4(a)(4); *see also Lichtenberg v. Besicorp Grp. Inc.*, 204 F.3d 397, 401 (2d Cir. 2000).

While we agree that a motion to modify does not need to specifically invoke Rule 59 in order to toll the time to appeal, *see* Fed. R. App. P. 4(a)(4), 1993 advisory committee's notes; *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419–20 (9th Cir. 1984), the Party's Rule 54(b) motion does not fit the bill. According to Rule 54(b), rulings that do not dispose of an entire case do not end the action; but if the district court "expressly determines that there is no just reason for delay," it may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). On its own terms, a Rule 54(b) motion cannot request that a judgment be altered; granting the motion serves only to make a non-appealable order an appealable judgment. *See Cobell v. Jewell*, 802 F.3d 12, 19 (D.C. Cir. 2015). Unlike a Rule 59(e) request, the Party's motion does not seek a modification of the order's substance, but asks only that it be made appealable. Moreover, since the relevant portions of the order were immediately appealable under § 1292, those portions were *already* a "judgment" as defined by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes . . . any order from which an appeal lies.").[1] Rule 54(b) and § 1292 are discrete paths by which litigants can pursue an appeal earlier than would otherwise be permissible—the former by allowing the court to create an appealable judgment

---

[1] If, conversely, the Party correctly assumed that it could not immediately appeal the Ohio constitutional claim under 28 U.S.C. § 1292(a)(1), the Party needed to obtain a Rule 54(b) certification before appealing. The Party appealed *without* receiving that certification and *after* the thirty-day window for appealing the denial of an injunction. Either way, we lack jurisdiction.

when other parts of the case remain unresolved, the latter by defining certain types of rulings as eligible for interlocutory appeal.

This appeal is late, and this court has no jurisdiction to hear this case.  We therefore grant Ohio's motion to dismiss and deny the Party's pending motions as moot.